IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Alonza Rufus, # 1000788776, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> United States of America, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 6:15-2127-TLW-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

      This is an action purportedly seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Although the petitioner contends that he is not a prisoner (doc. 8 at 2), the mailing information provided by the petitioner indicates that he is confined at a correctional facility operated by the Georgia Department of Corrections.  The Georgia Department of Corrections website (http://167.192.44.227/GDC/OffenderQuery/jsp/OffQryForm.jsp, last visited on June 19, 2015) reveals that the petitioner is serving a ten-year prison sentence for possession with intent to distribute marijuana.

      Documents submitted by the petitioner indicate that his Georgia convictions arise out of a traffic stop in Walton County, Georgia, on March 1, 2011, where the petitioner was found to be in possession of two pounds of marijuana (doc. 10-1 at 2).  The petitioner was charged with possession with intent to distribute marijuana and possession of a firearm during the commission of a felony in Indictment No. 2011-CR-354-3 (doc. 10-1 at 5).  In a jury trial held in the Superior Court for Walton County on March 27, 2012, the petitioner was found guilty on both charges (doc. 10-1 at 6).

      In the Section 2241 petition, the petitioner indicates that a federal detainer has been issued in *United States v. Michael Alonzo Rufus*, Criminal No. 3:02-CR-550-MBS-1

(doc. 1 at 1). On April 28, 2003, the petitioner pled guilty to conspiracy to distribute narcotics and to use of a firearm in a drug trafficking crime (doc. 69 in Criminal No. 3:02-CR-550-MBS-1). On October 21, 2003, the Honorable Matthew J. Perry, Senior United States District Judge, sentenced the petitioner to thirty-seven months on the conspiracy conviction, sixty months (consecutive) on the firearms conviction, and to eight years of supervised release. The petitioner appealed. On November 4, 2004, the United States Court of Appeals for the Fourth Circuit affirmed the convictions and sentence in *United States v. Rufus*, No. 03-4840, 114 F. App'x 56 (4th Cir. Nov. 4, 2004).

After entry of the petitioner's conviction in the Superior Court for Walton County, the United States Attorney for the District of South Carolina on April 4, 2012, filed in Criminal No. 3:02-CR-550-MBS-1 a motion to show cause why the petitioner's supervised release should not be revoked (doc. 143 in Criminal No. 3:02-CR-550-MBS-1). On the same day, the Honorable Margaret B. Seymour, then Chief Judge, issued an arrest warrant for the petitioner (doc. 144 in Criminal No. 3:02-CR-550-MBS-1).

Subsequent to the issuance of the arrest warrant by Judge Seymour, the petitioner has filed a petition for writ of error coram nobis (doc. 148) and a Section 2255 motion (doc. 165 [Civil Action No. 3:15-1101-MBS]) in Criminal No. 3:02-CR-550-MBS-1. Judge Seymour denied the coram nobis petition on December 11, 2012 (doc. 149) and denied the Section 2255 motion on April 8, 2015 (doc. 183). The petitioner on April 20, 2015, filed a motion for reconsideration (doc. 186), which is still pending.

In the Section 2241 petition in the case at bar, the petitioner raises three grounds: (1) violations of his rights under the Fifth Amendment and Due Process clause (doc. 1 at 6–7); (2) violations of the Fifth Amendment and Civil Rights Act of 1866 (*id*. at 7); and (3) the motion or petition to revoke supervised release violates the Fifth Amendment, the Fourteenth Amendment, the Equal Protection Clause, and Due Process (*id*.). In his request for relief, the petitioner seeks a court order directing the respondent to file a reply

to the petition; discovery; an evidentiary hearing; an order voiding the arrest warrant issued by Judge Seymour on April 4, 2012; and an order voiding the petitioner's supervised release (*id*. at 8). On June 18, 2015, the petitioner submitted a document entitled "AMENDMENT OF JURISDICTION & REQUEST FOR JUDICIAL NOTICE" (doc. 10), wherein the petitioner contends that his Georgia convictions and federal convictions in Criminal No. 3:02-CR-0550-1 are void because the petitioner is a private person (doc. 10 at 1–13).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

It is well-settled that a federal prisoner whose supervised release has been revoked has the right to file an appeal. *See, e.g.*, *United States v. Wynn*, No. 14-4599, 2015 WL 2387337, at *2 (4th Cir. May 20, 2015); and *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). The aforementioned Fourth Circuit cases are consistent with case law in the Eleventh Judicial Circuit, wherein the petitioner is currently confined. *See United States v. Reese*, 775 F.3d 1327, 1328 (11th Cir. 2015) ("The district court revoked Marvin Reese's supervised release and sentenced him to 46 months imprisonment because it found that he had committed a new felony controlled substance offense, had possessed a controlled substance, and had used a controlled substance. Reese appeals the district court's judgment.").

Section 2241 is not available to federal prisoners seeking to challenge revocation of supervised release because Section 2255 is an available and effective remedy to challenge the revocation of supervised release. *See Lerma-Duenas v. Atkinson*, Civil Action No. 0:13-cv-01076-RBH, 2013 WL 5596913, at *3 (D.S.C. Oct. 11, 2013) (collecting cases holding that a challenge to revocation of supervised release must be brought in the sentencing court under 28 U.S.C. § 2255) (citing *Milnes v. Samples*, No. 88-7584, 1988 WL 105445, at *3 (4th Cir. Sept. 22, 1988)).

Although the federal detainer lodged with the Georgia Department of Corrections satisfies the "in custody" requirement for a habeas corpus action, *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 488–89 (1973) (one under a state detainer warrant is considered to be "in custody" for the purpose of federal habeas relief) and *Estelle v. Dorrough*, 420 U.S. 534, 536 n. 2 (1975) (same), this case is not yet ripe because the petitioner's supervised release has not yet been revoked. *Ostergren v. Cuccinelli*, 615 F.3d 263, 287–88 (4th Cir. 2010); *see also Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 199–201 (1983); *see also Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981); and *Smith v. United States*, Civil Action No. 6:08-0203-CMC-WMC, 2008 WL 906699, at *3 (D.S.C. Apr. 1, 2008) ("Ripeness is, thus, a question of timing.").

Matters pertaining to revocation of the petitioner's supervised release will not be ripe until the petitioner's completes his ten-year sentence in the Georgia Department of Corrections and the petitioner has been returned to the District of South Carolina. The petitioner is in a predicament of his own making: while on federal supervised release, the petitioner committed crimes in South Carolina (assault and battery of a high and aggravated nature) and two crimes Georgia (for which he is currently confined) and violated his supervised release terms by testing positive for drugs and leaving the District of South

Carolina without first obtaining the permission of his federal probation officer (doc. 144 in Criminal No. 3:02-CR-0550-1).  *Cf. Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143, 145 (4th Cir. 1990) (prisoner's inability to exhaust state remedies in courts of Maryland was a consequence of his escape from Maryland and subsequent conviction and incarceration in Florida).

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims.  *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences.  *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

Moreover, any claims relating to the petitioner's guilty plea and sentence are successive Section 2255 claims.  When a petitioner has previously litigated a § 2555 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). With respect to the petitioner's guilty plea and sentence, the petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive Section 2255 motion.  *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an

5

individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before the petitioner attempts to file another motion to vacate in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

Accordingly, it is recommended that the Section 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability. The petitioner's attention is directed to the important notice on the next page.

June 22, 2015                                s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).