IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Alonza Rufus, ) | |
| ) | C/A. No. 6:15-2127 |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      On April 28, 2003, Petitioner Michael Alonza Rufus pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1) (Count 4).  Petitioner was sentenced to incarceration for a period of 37 months as to Count 1 and 60 months as to Count 4, to run consecutively.  Petitioner was released to supervision on or about July 8, 2010.

      On April 2, 2012, the United States Probation Office (USPO) advised the court that Petitioner had been charged with new criminal conduct in both South Carolina and Georgia, and that he had tested positive for cocaine.  The USPO further stated that Petitioner had been sentenced to ten years incarceration on the Georgia state charges.  Accordingly, the court issued an order for arrest warrant on April 4, 2012.  In accordance with the Interstate Agreement on Detainers Act, a federal detainer has been lodged against Petitioner in Georgia.

      Currently before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which petition was filed by Petitioner on May 27, 2015.  Petitioner raises claims under the Fifth and Fourteenth Amendments asserting his equal protection and due process rights have been violated,

that the USPO's request for warrant is defective, that Petitioner is exempt from "fraudulent" statutory provisions of supervised release, and that the court lacks jurisdiction over him. Petitioner seeks to have the April 4, 2012, warrant and supervised release voided.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. Magistrate Judge McDonald reviewed the § 2241 petition pursuant to the provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The Magistrate Judge determined, among other things, that the case is not yet ripe because Petitioner's supervised release has not yet been adjudicated. On June 22, 2015, the Magistrate Judge issued a Report of Magistrate Judge in which he recommended that the § 2241 petition be dismissed without prejudice and without requiring Respondent to file an answer or return. Petitioner filed objections to the Report of Magistrate Judge on July 9, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and

recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Petitioner's objections essentially restate his position that the order for warrant was fraudulently obtained and that he is exempt from federal laws. Petitioner's objections do not direct the court to a specific error in the Report of Magistrate Judge.

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. Petitioner's § 2241 petition is summarily dismissed without prejudice and without requiring Respondent to file an answer or return.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 30, 2015